IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. **3:23-CR-109-L** |
| | § | |
| **STACY LAMONT STEVENSON, JR.** | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court are Defendant Stacy Lamont Stevenson, Jr.'s ("Defendant" or "Mr. Stevenson") "Motion for Leave to File Motion to Suppress Electronic Devices" (Doc. 53), filed December 31, 2024, and Defendant's "Motion for Leave to Reply to Government's Response" to Defendant's Motion for Leave to File Motion to Suppress Electronic Devices (Doc. 59), filed January 8, 2025. The court **denies** both Motions for Leave (Doc. 53, 59) for the reasons herein explained.

## I.    Defendant's Motion for Leave to File Second Motion to Suppress Several Months After Expiration of Deadline for Filing Pretrial Motions (Doc. 53)

### A. Background

Defendant first moves for leave to file a second motion to suppress ("Proposed Motion to Suppress") almost six months after expiration of the July 5, 2024 deadline for filing pretrial motions.[1] According to his Proposed Motion to Suppress, the evidence that he now seeks leave to suppress was obtained from electronic devices seized by law enforcement on November 16, 2022. The electronic devices include two cellular telephones and one digital video recording

---

[1] Defendant previously filed a motion on July 5, 2024 (Doc. 37) to suppress: (1) cellular telephone location evidence obtained via "warrants obtained on November 11, 2022"; (2) evidence obtained during the execution of a search warrant at Apartment 1040, including approximately 500 grams of narcotics and two firearms; (3) evidence found during the search of a Blue 2020 Dodge Charger located in the parking lot of the Dallas County Jail ($9,900 in cash, a "garage door key fob" (Doc. 37 at 2), and a traffic citation incorrectly listing Defendant's address as "1814 Marquet Road, McKinney, Texas 75070" (Doc. 37 at 2); (4) unspecified evidence found at 1811 Marquette Road, Princeton, Texas 75407, during the execution of a search warrant on November 16, 2022; and (5) the keys seized from Defendant's person when he was arrested. The court will address this motion in a separate order.

device or DVR that were seized from Apartment 1040 located in the Villas at La Risa Apartments, 12825 Jupiter Road, Dallas, Texas 75238 ("Apartment 1040") pursuant to a search warrant. The electronic devices also include two cellular telephones that were seized later the same day when Defendant was arrested at the Dallas County Courthouse.  Although it is not readily apparent from his Motion for Leave (Doc. 53), his Proposed Motion to Suppress makes clear that the focus of Defendant's suppression argument is the data or information that was recovered from the electronic devices pursuant to a subsequent November 30, 2022 warrant, which he contends was not timely executed.  Alternatively, Defendant requests that the foregoing electronic devices (and presumably the information contained on them) be excluded because of the Government's late document production of certain discovery on July 10, 2024, which included a warrant return.

### B. Defendant's Contentions for Seeking Leave to File a Second Motion to Suppress After the Pretrial Motion Deadline

According to his Proposed Motion to Suppress, the signed warrant return shows that the November 30, 2022 warrant was not executed by law enforcement until January 23, 2023, "almost two months, 54 days, after receiving the warrant." Doc. 53-1 at 2 (citing 53-1 at 13 (Ex. 3)). Defendant contends that this demonstrates that execution of the warrant was untimely and not done within the three-day timeframe provided by the warrant that issued on November 30, 2022. He further asserts that the late production of the warrant return evidence "made it impossible [for him] to file a timely Motion to Suppress Electronic Devices based on the improper execution of the search warrant, and [this] constitutes good cause to file [his Proposed Motion to Suppress] late."  Doc. 53 at 1.

Defendant acknowledges that the evidence that forms the basis for his seeking leave to file a second motion to suppress was produced by the Government several months ago.

Specifically, he acknowledges that the Government produced the warrant to search the electronic devices and the affidavit submitted by law enforcement in support of the search warrant application on March 20, 2024. He also acknowledges receiving the warrant return several months ago.  He, nevertheless, contends that he should be allowed to file another motion to suppress out-of-time because the warrant return and inventory were not produced by the Government until July 10, 2024, five days after the pretrial motion deadline. Thus, as indicated, he argues that he was precluded from seeking suppression of the information recovered from the electronic devices pursuant to the November 30, 2022 warrant before expiration of the July 5, 2024 pretrial motion deadline.

### C.  The Government's Response

The Government counters that Defendant's Motion for Leave to file his Proposed Motion to Suppress should be denied for three reasons. First, the Government contends that Defendant's receipt of the search warrant's return more than five months ago does not justify the tardiness of his current request to file an out-of-time motion to suppress so close to trial and only weeks from the parties' January 21, 2025 deadline for filing pretrial materials. Second, the Government contends that the date in the November 30, 2022 search warrant return is not relevant to the timeliness of the warrant's execution (Defendant's reason for wanting to file the untimely motion to suppress), and Defendant had sufficient information regarding such timeliness well before the pretrial motion deadline. The Government, therefore, argues that the warrant return does not support his contention that the November 30, 2022 warrant was not timely executed.  Finally, the Government argues that Defendant fails to cite any relevant, binding authority supporting his Proposed Motion to Suppress, let alone any recent authority published after the pretrial motion

deadline, that would justify allowing him to file the Proposed Motion to Suppress at this late juncture.

Regarding the second argument, the Government asserts as follows:

[C]ontrary to his assertions, the date listed in the November 30, 2022 search warrant return has no bearing on the timeliness of the warrant's execution, and the defendant had the relevant information regarding timeliness well-before the pretrial motions deadline. Specifically, the defendant asks this [c]ourt to suppress the data recovered and analyzed from the cell phones and DVR pursuant to the November 30, 2022 search warrant, which was issued by a Texas State District Court Judge under Chapter 18 of the Texas Code of Criminal Procedure, because the officer's return indicated that the information had been obtained on January 23, 2023—. . . *after* the three-day deadline provided in the warrant. (Dkt. 53-1 at 15 ("HEREIN FAIL NOT, but have you then and there this warrant within three days, exclusive of the day of its execution, with your return thereon, showing how you have executed the same").) However, the warrant's language merely states and adopts the general three-day period for the execution of a warrant provided in Article 18.07 of the Texas Code of Criminal Procedure. *See* Tex. Code of Crim. Procedure Art. 18.07(a)(3) (providing that, unless the magistrate directs in the warrant a shorter period, generally, the period allowed for execution, exclusive of the day of its issuance and the day of execution, is three whole days) That same Article provides that where, as here, "a warrant is issued to search for and seize data or information contained in or on a computer, disk drive, flash drive, cellular telephone, or other electronic, communication, or data storage device, *the warrant is considered to have been executed within the time allowed* under Subsection (a) [i.e., the general three-day period, which the state-court judge adopted and directed in the warrant], *if the device was seized before the expiration of the time allowed*." Tex. Code of Crim. Proc. Ann. Article 18.07(c) (emphasis added). "Notwithstanding any other law, *any data or information contained in or on a device seized may be recovered and analyzed after the expiration of the time allowed* under Subsection (a)." *Id.* (emphasis added).

In other words, the three-day period for the timely execution of a search warrant—which the Texas Code of Criminal Procedure provides and the state-court judge adopted—sets the time limit for the seizure of the cell phone and electronic devices by the police officer—*not* the time limit for any subsequent forensic analysis that may be conducted on the seized evidence. *See id.*; *Harmel v. State*, 597 S.W.3d 943, 963-64 (Tex. App.—Austin 2020, no pet. h[.]) (holding that the execution of the warrant was timely where the cell phone was seized before the warrant's issuance); *see also Ramirez v. State*, 611 S.W.3d 645, 651-52 (Tex. App.—Houston 2020, [pet. ref'd]) (applying the same analysis to the seizure of a blood sample from the defendant, holding that the warrant was timely executed where the blood sample was timely seized and the fact that the forensic analysis of the blood occurred on a date beyond the three-day window did not

render the warrant stale). Thus, the relevant date for determining the timeliness of the execution of the November 30, 2022 search warrant is the date the electronic devices were seized—not the date listed in the return, which is merely the officer's documentation that the data had been analyzed by the appropriate forensic testing and that the forensic report had been received.

Notably, defense counsel was aware of the date the electronic devices were seized long before the pretrial motions deadline. Indeed, the search-warrant affidavit in the defendant's own filing [Doc. 53-1 at 5] specifically states that the electronic devices in question had already been seized[.] . . . Given the defendant's motion cites the production, there is no dispute that the search-warrant affidavit was provided to defense counsel on March 20, 2024, as GOV_00001625-1635. Beyond this, the phone extractions and DVR footage were provided to defense counsel on October 20, 2023, in Production 6 as GOV_00001062 and GOV_00001063. (GOV'T EXH. 1). Further, the reports detailing law enforcement's seizure of the electronic devices were produced to the defendant on April 17, 2023, in Production One under bates label GOV_0000187-206. (GOV'T EXH. 2.)

Thus, because defense counsel had all the information counsel needed to make a timeliness objection (i.e., the date of the devices' seizure) well before the pretrial motions' deadline, this [c]ourt should deny the defendant's request for leave to file an out of-time motion to suppress based on timeliness.

Doc. 57 at 2-3 (footnotes omitted).[2]

The Government also notes that, in his first Motion to Suppress, which was filed on July 5, 2024, Defendant sought to suppress the "same electronic devices (the same four cell phones and DVR physically seized by law enforcement on November 16, 2022) that he now seeks to suppress through an alternative route—[that is], by challenging the execution of the November 30, 2022 search warrant to search and seize the data contained on those electronic devices." Doc. 57 at 1. Thus, the Government argues that Defendant had everything he needed to make his new alternative ground for seeking to suppress these devices and the information recovered from

---

[2] In a footnote, the Government notes that Document Nos. 37-2 at 13, 37-3 at 14, and 37-5 at 14 (exhibits filed in support of Defendant's first Motion to Suppress) are examples of other search warrants containing standard language similar to that in Article 18.07(a). Doc. 57 at 3 n.1. The Government also attaches to its response an index of discovery produced and evidence establishing when the evidence was produced to the defense.

them, and he could have and should have included this alternative ground in his original Motion to Suppress.

### D. Discussion—Defendant's Failure to Establish Good Cause for Untimely Motion

Local Criminal Rule 47.1 governs motion practice unless otherwise directed by the presiding judge. Local Rule 47.1 requires that an opposed motion for leave be accompanied by a brief that sets froth the moving party's contentions of fact and/or law, and argument and authorities. L.R. 47.1(d) & (h). Defendant's Motion for Leave does not set forth the legal standard applicable to his request to file a second motion to suppress after the July 5, 2024 deadline set by the court for filing pretrial motions. Federal Rule of Criminal Procedure 12(c) governs the deadlines for filing pretrial motions and the consequences of not making a timely motion. Rule 12(c)(3) provides that, if a party fails to file a motion that must be filed before trial by the deadline set by the court, the motion is considered untimely, but the court "may consider the defense, objection, or request if the party shows good cause." "A motion to suppress that is filed after the deadline for pretrial motions while untimely, may be considered if the party shows good cause." *United States v. Dennis*, 41 F.4th 732, 739 & n.2 (5th Cir. 2022) (citing Fed. R. Crim. P. 12(c)(3); and *United States v. Williams*, 774 F. App'x 871, 876 (5th Cir. 2019) (per curiam)). Good cause for purposes of Rule 12(c)(3) "requires a showing of cause and prejudice." *Dennis*, 41 F.4th at 739 (citations omitted).

Here, Defendant has not shown cause to file the untimely second motion to suppress. Even if the court assumes, as Defendant argues, that he could not have filed the second motion to suppress by the July 5, 2024 pretrial motion deadline because the Government did not produce information he needed to file such a motion until five days after the pretrial motion deadline, his Motion for Leave does not include an adequate explanation for the more than five-month delay

in seeking leave to file his Proposed Motion to Suppress on December 31, 2024, twenty-one days before the parties' pretrial materials are due. The only proffered explanation for this lengthy delay is as follows: "Only upon re-review of the case recently, did defense counsel realize the issue of warrant execution for the electronic devices." Doc. 53 at 1.

Likewise, Defendant has not shown prejudice if he is denied leave to file a second motion to suppress. In his Motion for Leave, his counsel merely asserts, without elaborating, that she "believes that the Motion to Suppress Electronic Devices must be filed . . . to adequately and effectively represent Mr. Stevenson . . . so that he is not prejudiced." *Id.* at 2. The Motion for Leave also takes the position that neither party will be prejudiced by Defendant's untimely Proposed Motion to Suppress because it is not a complex motion, the court has not yet ruled on his earlier Motion to Suppress and other pretrial motions, and it has not held an evidentiary hearing on those motions. In addition, the Motion for Leave notes that Defendant would not oppose a continuance of the February 10, 2025 trial date, if the court determined a continuance was necessary to rule on his new Proposed Motion to Suppress.

The assertion that Defendant will be prejudiced if his counsel is not allowed to file the Proposed Motion to Suppress is conclusory and, therefore, insufficient to establish prejudice. The court reviewed Defendant's Proposed Motion to Suppress (Doc. 53-1) in an attempt to assess what, if any, prejudice might result from the denial of his Motion for Leave. It, however, was unable to deduce or infer that any such prejudice would result because the nature of the information contained on the electronic devices sought to be suppressed is unclear from Defendant's Proposed Motion to Suppress or his Motion for Leave.

Defendant's remaining assertion—that he would agree to a continuance of the February 10, 2025 trial date and neither party would be prejudiced if the court continues the trial to

provide it with adequate time to address the Proposed Motion to Suppress—has no bearing on the requirement that he show prejudice for his untimely motion under Rule 12(b)(3). Defendant's admission that his Proposed Motion to Suppress is not complex also undermines any justification for the lengthy delay in seeking leave to file the motion.

Moreover, for the reasons articulated in the Government's response, the court agrees that the legal basis for the Proposed Motion to Suppress is fundamentally flawed and not adequately briefed. Before the Government even filed its response to the Motion for Leave, the court reviewed the legal arguments and citations to legal authorities in Defendant's Proposed Motion to Suppress and had concerns. While Defendant's description of the cases, the holdings, and the general rules of law articulated in the cases, including United States Supreme Court cases and a District of Maine case, are *mostly* correct, it is not readily apparent why or how the facts or holdings in these cases apply to and are relevant to the facts in this case or Defendant's suppression argument, which is summarized in its entirety as follows in his Proposed Motion to Suppress:

> On November 16, 2022, Apartment 1040 located in the Villas at La Risa Apartments at 12825 Jupiter Road, Dallas, Texas 75238 (Apartment 1040) was searched pursuant to which two cellphones were seized along with a Digital Video Recorder (DVR). Later that day, Mr. Stevenson was arrested, and two additional cellphones were seized. Approximately two weeks later, on November 30, 2022, the government sought a warrant to search the four cellphones and the DVR that were seized. Exhibit 1. A search warrant was issued that same day for the electronic devices. Exhibit 2. Notably, the order explicitly limited the government's timeframe to execute the search [to three days]:
>
>> HEREIN FAIL NOT, but have you then and there this warrant within three days, exclusive of the day of its execution, with your return thereon, showing how you have executed the same.
>
> The search warrant return, signed under oath, states that the government executed the warrant on January 23, 2023. Exhibit 3.
>
> . . .

The search and seizure of the data from the electronic devices did not conform to the terms of the warrant. The search was conducted after the warrant expired, based on the government's own return to the search warrant, and was thus warrantless. The government executed the warrant almost two months, 54 days, after receiving the warrant, according to the signed return. Because the government violated the clear terms of the warrant, and the warrant had already expired when it executed the warrant on January 23, 2023, all electronic data from the cellphones and DVR must be suppressed.

Doc. 53-1 at 1 & 3.

In the present case, the evidence relied on by Defendant reflects that the November 30, 2022 warrant to search the previously seized electronic devices was requested by "a Peace Officer under the laws of Texas" and was issued by a state court judge pursuant to Texas law and Chapter 18 of the Texas Code of Criminal Procedure. *See* Docs. 53-1, 52-2, 52-3 (Def.'s Ex.'s 1-3). On the other hand, all of the cases relied on by Defendant in his Proposed Motion to Suppress involved or appear to have involved search warrants that were issued pursuant to and governed by federal statutes or the Federal Rules of Criminal Procedure.  Rule 41 of the Federal Rules of Criminal Procedure, however, "only applies to warrants issued upon the request of a federal law enforcement officer or attorney for the government," not to state court warrants issued at the request of only state officers. *United States v. McKeever*, 905 F.2d 829, 832-33 (5th Cir. 1990) (en banc) (citations omitted); *see also United States v. Singer*, 970 F.2d 1414, 1417 (5th Cir. 1992) ("The warrant authorizing the search of [the defendant's] residence was issued by a state judge at the request of a state police officer. In *United States v. McKeever*, 905 F.2d 829, 833 (5th Cir. 1990) (en banc), this Court held that 'Rule 41 only applies to warrants issued upon the request of a federal law enforcement officer or attorney for the government.' The district court properly held that Rule 41(a) does not apply in this case.").

Thus, Defendant's citation to and reliance on *United States v. Brunette*, 76 F. Supp.2d 30 (D. Maine 1999), appears to be misplaced, as this case involved the issuance of a search warrant by a federal magistrate judge at the request of a federal agent that was executed by federal agents, and Defendant does not explain why he believes federal law, as opposed to state law, governs the execution of the November 30, 2022 warrant. *See id.* at 32-33, 35-36. The warrant in *Brunette* would have, therefore, been governed by Federal Rule of Criminal Procedure 41's requirements for obtaining, executing, and returning a search warrant, not Texas law or any another state's laws. As noted by the Government, *Brunette* is also distinguishable because, unlike the warrant in this case, the warrant in *Brunette* expressly provided a 30-day deadline "to review" any computer equipment seized from the defendant's home, which was extended for another 30 days or a total of 60 days. Doc. 57 at 6-7 (citing *Brunette*, 76 F. Supp.2d at 42).

Whether federal or state law applies here is important because the deadline for executing warrants under federal law and Texas law differs. *Compare* Fed. R. Crim. P. 41(e) (requirement that warrants command the officer to "execute the warrant within a specified time no longer than 14 days"), *and* Tex. Code of Crim. Proc. Ann. Art. 18.07(c) (exempting the analysis of seized electronic devices from the three-day deadline in Article 18.07(a)(3) for executing warrants "if the device was seized before the expiration of the time allowed" and providing that, "[n]othwithstanding any other law, any data or information contained in or on a device seized may be recovered and analyzed after the expiration of the time allowed under Subsection (a)"). Even assuming as Defendant seems to contend that federal law applies here, delay alone in executing a warrant is not always sufficient to support suppression or exclusion of evidence absent a showing of legal prejudice resulting from the delay itself, that is, a showing that the presence of prejudicial evidence was attributable to the delay. *See United States v. White*, 617

F.2d 1131, 1134 (5th Cir. 1980) (citing *United States v. Bradley*, 428 F.2d 1013, 1016 (5th Cir. 1970)); *see also United States v. Stewart*, 353 F. Supp. 2d 703, 708 & n.5 (E.D. La. 2004) (citing *Bradley* and concluding that eight-day delay in executing warrant did not furnish grounds to suppress evidence discovered because the defendant did not present any reason why the eight-day delay was unreasonable under the circumstances and did not point to any prejudice he sustained as a result of the delay in the warrant's execution).

Defendant also relies on *Sgro v. United States*, 287 U.S. 206 (1932) in his Proposed Motion to Suppress.[3] According to Defendant, the Supreme Court in *Sgro* "f[ou]nd that [a] search warrant that was not executed within [a] specified time frame became void." Doc. 53-1 at 2. Defendant appears to argue that the November 30, 2022 warrant in this case is similarly void because it was not executed within the time provided by the warrant itself. Defendant's description of the holding in *Sgro*, though, is slightly misleading, as this case involved the National Prohibition Action (a federal statute), which required warrants to search for intoxicating liquors to be executed and returned to the issuing judge within ten days after the issuance date. *Sgro*, 287 U.S. at 210.

*Sgro* is also distinguishable because, although the Court in *Sgro* concluded that the warrant was void, this conclusion turned on the Court's holding that the "time within which proof of probable cause" must be provided to the judge issuing a warrant should be close because the proof of facts must be closely related to the time of the issuance of the warrant to justify a probable cause finding. Unlike *Sgro*, the freshness or staleness of the information forming the probable cause for the warrant in this case is not the focus of Defendant's contention. Defendant instead takes issue with the subsequent execution of the warrant and whether the search of the

---

[3] Defendant's Proposed Motion to Suppress does not include the full legal citation to *Sgro*, but it includes enough of the legal citation for the court to conclude that his motion is referring to the case referenced by the court here.

**Memorandum Opinion and Order – Page 11**

contents of the previously seized electronic devices technically complied with the timeframe provided by the warrant. Further, *Sgro* has no relevance to whether the search was executed in accordance with applicable Texas legal authority, and, even if the reasoning in *Sgro* applied here, there is no evidence in this case that the passage of time made it doubtful that the object sought in the search warrant (the information on the electronic devices) would still be at the same location—inside the electronic devices previously seized.  Accordingly, *Sgro* does not assist Defendant.

Further, as the Government's response correctly notes, Defendant's argument regarding the deadline for executing the warrant is inconsistent with Texas's requirements for the execution of a warrant and analysis of information contained in the electronic devices seized pursuant to the warrant. Neither Defendant's Motion for Leave nor his Proposed Motion to Suppress even addresses Texas law as it pertains to execution of this search warrant and the electronic devices seized pursuant to the warrant.  It is undisputed, though, that the electronic devices that Defendant seeks to suppress were seized on November 16, 2022, before expiration of the three-day deadline in the November 30, 2022 warrant and the three-day deadline in Texas Code of Criminal Procedure Article 18.07(a)(3). Thus, law enforcement's analysis of the previously seized electronic devices was exempted from Article 18.07(a)(3)'s three-day deadline for executing warrants. *See* Tex. Code of Crim. Proc. Ann. Art. 18.07(c).  This underscores the futility of the flawed argument and legal authorities relied on by Defendant in his Proposed Motion to Suppress and negates any alleged prejudice to him as the result of the denial of his Motion for Leave. Application of Article 18.07(c) to the undisputed facts of this case also undermines Defendant's argument that he could not have made the suppression argument that he

now seeks to assert in his original Motion to Suppress before expiration of deadline to file pretrial motions.

For all of these reasons, the court determines that Defendant has failed to carry his burden of establishing good cause under Rule 12(c)(3) for filing his Proposed Motion to Suppress almost six months after the deadline for filing pretrial motions.  His alternative request to exclude rather than suppress the same evidence fares no better. Other than to state in his Motion for Leave—"[a]s an alternative remedy, the defense requests that the electronic devices be excluded due to the late discovery production"—Defendant offers no separate factual or legal basis for this request.  Additionally, Defendant's Proposed Motion to Suppress does not even mention his alternative request to exclude rather than suppress this evidence. Thus, the issue and corresponding request for leave to file a motion to exclude the electronic devices or the information contained on the devices is not adequately briefed.  Regardless, it fails for the reasons already discussed.  Defendant's "Motion for Leave to File Motion to Suppress Electronic Devices" (Doc. 53) is, therefore, **denied**.

## II.    Defendant's Motion for Leave to File Reply (Doc. 59)

Before the court was able to rule on Defendant's December 31, 2024 request for leave to file his Proposed Motion to Suppress the contents of the electronic devices seized on November 16, 2022, Defendant filed a second Motion for Leave (Doc. 59) on January 8, 2025, to file a reply brief in support of his earlier Motion for Leave (Doc. 53).  The court's reasons for denying Defendant's prior Motion for Leave (Doc. 53) **moot** his current Motion for Leave (Doc. 59) to file a reply in connection with his prior Motion for Leave. The arguments that Defendant asserts for wanting to file a reply do not change this. The court, nevertheless, addresses the parties'

contentions and determines that, even if not mooted, Defendant should not be allowed to file a reply brief.

**A. Defendant's Justification for Seeking Leave to File a Reply**

In support of his request for leave to file a reply, Defendant contends that the Government's response to his earlier Motion for Leave "misunderstands the legal argument put forth by the defense, and the relevant facts supporting the defense's motion." Doc. 59 at 1. He proffers three reasons why he believes that Government "misunderstands" the arguments in his earlier Motion for Leave and Proposed Motion to Suppress:

> First, the government confuses two of its own warrants—the warrant allowing for cell site location information and the warrant allowing for forensic examination of four electronic devices. The defense specifically moved to suppress the former, but not the latter (except for as the fruits of an illegal search). The defense did not move to suppress the latter for the reasons mentioned in its Motion for Leave to File Motion to Suppress Electronic Devices, Docket 56— namely, it did not have the return until *after* pre-trial motions were due and due to the voluminous and duplicative discovery practice of the government, it did not realize the issue until now. It is unfortunate that the government's position is that it may produce late and duplicative discovery but that the defense cannot remedy such a practice. In fact, since pre-trial motions have been filed, the defense has received late discovery on July 10, 2024 (two productions—the return at issue and a report relating to one of the electronic devices at issue), July 11, 2024 (production of additional canine video relevant to timely filed pre-trial motion to suppress), July 19, 2024 (seven reports of investigation, including at least one related to the electronic devices at issue), October 29, 2024 (additional cell site location information), October 30, 2024 (body camera footage), November 4, 2024 (additional report and production of additional canine video relevant to timely filed pre-trial motion to suppress), December 17, 2024 (additional cell site location information), and December 19, 2024 (additional DEA lab report). It is notable that although late canine video was produced relating to the defense's motions to suppress (docket 37), the government still opposed the defense filing a reply (docket 51, which is still pending before the court). Now, again, the government is opposing the defense in filing a late pre-trial motion even though the discovery forming the basis of that motion was produced *after* the pre-trial motions deadline. Also notable, is that all of the requested discovery received after the pre-trial motions deadline was requested *before* the pre-trial motions deadline.

Second, the defense disagrees with the government's legal analysis, and provides clarification since the government misunderstands the defense's argument. The defense understands that the electronic devices were seized prior to the warrant issuing, however, it is the defense's position that the seizure of the information contained within the devices should have at least *begun* within the three days required by the warrant—whether the seizure took longer than three days to complete or whether analysis and review occurred after is not at the crux of the defense's argument. The cases cited by the government differ from the facts of the case here—first, the *Ramirez* case does not address an electronic device, second, in the *Harmel* case, the detective received the device and apparently began the search of the device data the day the warrant was issued.

Specifically, in *Harmel*, the court found that the warrant to search the electronic devices was timely executed on facts that differ from this case. In *Harmel*, the [c]ourt noted "the warrant at issue was signed by a magistrate on January 12, 2018. Detective Acevedo testified that he received both the signed warrant and the phone to be searched also on January 12, 2018. But the phone itself was originally seized in 2009. Under Article 18.07(c), then, the search pursuant to this warrant was not untimely." *Harmel v. State*, 597 S.W.3d 943, 964 (Tex. App.[—Austin] 2020[, no pet.]). The pivotal fact that the detective apparently executed the search warrant the day it was issued is absent in this case.

Finally, the phrase "seized" in Article 18.07 must necessarily refer to a seizure for purposes of data extraction, and not merely the physical seizure of an actual device. Otherwise, if the [c]ourt agrees with the government that Article 18.07 allows for the seizure of the data to take place at any time after the physical seizure of an electronic device, then Article 18.07 is unconstitutional in that it would permit a limitless power to seize data in perpetuity. The basic premise of the Fourth Amendment is to govern the government's actions and to limit invasions of privacy. Moreover, the government's reading of Article 18.07 would allow the government to perform searches based upon stale facts. Defense counsel has reviewed relevant law[] and determined that this is an issue of first impression —there are no federal cases in the Fifth Circuit interpreting Article 18.07 nor its constitutionality, and the *Harmel* case is the only Texas state case that discusses Article 18.07 without determining its constitutionality.

Doc. 59 at 1-3 (footnote omitted).

## B. The Government's Reasons for Opposing Defendant's Request to File a Reply

As an initial matter, the Government opposes Defendant's request to file a reply because he fails to show why a reply is necessary or why he could not have reasonably anticipated and addressed in his prior Motion for Leave or Proposed Motion to Suppress the matters he now

seeks to argue in a reply to prior Motion for Leave. The Government also notes that Defendant "instead appears to simply file a reply (as opposed to an actual request for leave) to the government's response." Doc. 62 at 1.

The Government next contends that a reply is not necessary:

> [G]iven the defendant's request—seeking leave to file an out-of-time motion to suppress, where his request to file an out-of-time motion is based entirely on the date [he] received the return from the November 30, 2022 search warrant—it was entirely foreseeable that the government would argue (as it did) that receiving the return five months ago does not justify the defendant's late filing now, on the eve of the pretrial materials' deadline; and (2) regardless of when the defendant received the return, the return (and the date listed therein) does not support his contention that the November 30, 2022 warrant was not timely executed, and the defendant had the relevant information to assess the warrant's timely execution well before the pretrial motions' deadline.

*Id.* at 2. Finally, the Government argues that Defendant should not be allowed to file a reply to assert new arguments:

> Specifically, the defendant argues for the first time that the November 30, 2022 warrant was not timely executed—not because of the date listed in the return—but because "the seizure of the information contained within the devices should have at least *begun* within the three days required by the warrant[,]" which means that the agent should have at least "received" the signed warrant and the phones and DVR to be searched within the three days. (Dkt. 59 at 2-3.) The defendant also argues for the first time (without citing any supporting authority) that Article 18.07 of the Texas Code of Criminal Procedure—which explicitly provides that, so long as the devices are seized within the three-day period, the information contained on the devices may be recovered and analyzed after the expiration of the three-day period—is unconstitutional. (Dkt. 59 at 3.) Because the defendant raises these new arguments for the first time in his proposed reply brief (which would require giving the government a chance to respond and thus another round of briefing), the [c]ourt should deny the defendant's request for leave to file the proposed reply.

*Id.* at 2-3 (footnote omitted).

### C. Discussion—Defendant's Failure to Justify Need for a Reply Brief

The court agrees with the Government, and, for essentially the same reasons, determines that Defendant has not shown that a reply is warranted or necessary to resolve his prior related

Motion for Leave.  Even setting aside Defendant's failure to comply with Local Civil Rule 47.1 by filing what appears to be a reply (Doc. 59) without leave before the court ruled on his prior related Motion for Leave (Doc. 53), the court determines that Defendant's inadequate briefing and shifting positions are the source of confusion, not the Government's response to his Motions for Leave (Docs. 53, 59).  Whether this is attributable to the defense's last-minute decision to hastily file a flurry of motions on the eve of the deadline for filing pretrial materials or an attempt by the defense to salvage the faulty and inadequately briefed arguments in the prior Motion for Leave is unclear. Regardless, the fallacy of the arguments in Defendant's most recent Motion for Leave (Doc. 59) is readily apparent.

The defense's arguments or reasons for seeking leave to file a reply fall into three categories: (1) the alleged need for the defense to provide "clarification since the [G]overnment misunderstands the defense's argument" regarding the warrant and search that is the subject of his first Motion for Leave and Proposed Motion to Suppress; (2) to provide clarification regarding Defendant's argument as to the timeliness of the execution of the warrant in the first Motion for Leave and Proposed Motion to Suppress; (3) to address discovery issues; and (4) to counter the Government's argument regarding the applicability of Article 18.07(c).  The court addresses each of these grounds in turn.

With respect to the first ground for filing a reply, Defendant now appears to contend, much to the court's surprise, that his prior Motion for Leave and Proposed Motion to Suppress pertain to the cell site location warrant that is the subject of his original Motion to Suppress. The court is surprised because the cell site location warrant(s)[4] are not mentioned in his Motion for Leave (Doc. 53) or his Proposed Motion to Suppress. The court understands from its review of

---

[4] In his original Motion to Suppress, Defendant alleges that several cell site location warrants issued on November 11, 2022.

**Memorandum Opinion and Order – Page 17**

Defendant's original Motion to Suppress (Doc. 37) that he argues that some or all of the searches and seizures of evidence in this case were unlawful to the extent premised on the earlier cell cite location warrants that issued on November 11, 2022; however, his Proposed Motion to Suppress is based entirely on law enforcement's allegedly improper and untimely execution of the November 30, 2022 warrant to search the contents of the two cellular telephones and DVR that were seized pursuant to a November 16, 2022 warrant to search Apartment 1040, and the two cellular telephones that were seized from Defendant's person after his arrest.

When the court initially reviewed Defendant's prior Motion for Leave (Doc. 53), it was not readily apparent which warrant or search he was seeking to contest or which evidence he was seeking to suppress—the electronic devices themselves, the information contained on the devices, or both. It was unclear because of the inarticulate and conflicting manner in which Defendant described what he was seeking to suppress in his Motion for Leave in comparison to his Proposed Motion to Suppress.  In reviewing his Proposed Motion to Suppress, however, the court understood him to be seeking to suppress the data on the devices. It came to this conclusion because his Proposed Motion to Suppress, arguments, legal authority, and supporting exhibits only implicate the propriety of law enforcement's execution of the November 30, 2024 warrant that authorized them to search the contents of the four electronic devices seized on November 16, 2022, during the execution of the prior search warrant that issued on November 16, 2022 (for Apartment 1040), and the search of Defendant's person after his arrest. Accordingly, Defendant's purported clarification that the focus of his prior Motion for Leave and Proposed Motion to Suppress is the cell site location warrants that issued on November 11, 2022, flies in the face of his prior filings.

For example, his Proposed Motion to Suppress is titled "Motion to Suppress *Evidence from* Electronic Devices,"[5] not motion to suppress the electronic devices themselves that were seized pursuant to the November 16, 2022 search warrant for Apartment 1040, which is a horse of a different color. Likewise, his Proposed Motion to Suppress refers to the suppression of "*the evidence seized from the electronic devices*" and "*all electronic data from the cellphones and DVR*," not the electronic devices themselves. Further, according to Defendant's Proposed Motion to Suppress, the *Brunette* case that he relies on involved the propriety of governmental searches of the contents of computers, not the underlying search or seizure of the computers themselves. *See* Doc. 53-1 at 3 (emphasis added).

Exhibits 1 and 2 submitted in support of Defendant's Proposed Motion to Suppress (Docs. 53-1, 53-2) also pertain to the warrant that was requested and issued on November 30, 2022, *for the search of the contents* of the electronic devices seized on November 16, 2022—*not* the November 11, 2022 cell site location warrants used to locate Defendant or the November 16, 2022 warrant that authorized the search of Apartment 1040. Defendant even quotes the following language in the November 30, 2022 warrant and contends that this language "explicitly limited the [G]overnment's timeframe to execute the search" of the data on all the electronic devices previously seized on November 16, 2022:

> HEREIN FAIL NOT, but have you then and there this warrant within three days, exclusive of the day of its execution, with your return thereon, showing how you have executed the same.

Doc. 53-1 at 1. Further, the only warrant referenced in the same section of Defendant's Proposed Motion to Suppress is the November 30, 2022 warrant and the execution of that warrant. *See id.* Additionally, the argument in Defendant's prior Motion for Leave regarding the number of days (54) between the warrant's issuance and execution supports a determination that his Proposed

---

[5] Doc. 53-1 at 1 (emphasis added).

**Memorandum Opinion and Order – Page 19**

Motion to Suppress was directed at the November 30, 2022 warrant, not the November 16, 2022 warrant or the earlier cell site location warrants that issued on November 11, 2022.

Accordingly, like the Government, the court reasonably believed that the focus of Defendant's Motion for Leave and Proposed Motion to Suppress was the November 30, 2022 warrant that authorized analysis of the contents of all the electronic devices seized on November 16, 2022, *not* the earlier warrants that were used to locate and seize the electronic devices. In light of the foregoing discussion of Defendant's Proposed Motion to Suppress, it is fatuous at best for the defense to now assert that the Proposed Motion to Suppress is not based on the November 30, 2022 warrant and search of the contents of the electronic devices "except for as the fruits of an illegal search" (Doc. 59 at 1), particularly when his prior motions include no reference to "the fruits of an illegal search." Although Defendant does not specifically state in his current Motion for Leave that his prior Motion for Leave was intended to be directed at the November 11, 2022 warrants as opposed to the November 30, 2022 warrant and instead simply refers to the warrants as "former" and "latter" warrants, the only warrants mentioned in his Proposed Motion to Suppress are the November 16 and 30, 2022 warrants.

Consequently, the court must assume—from Defendant's choice of the words in his current Motion for Leave and reference to "former" and "latter" in describing the warrants and his taking issue with the Government's discussion of the November 30, 2022 warrant—that his current reference to the "former" warrant means the November 11, 2022 warrants: "*The defense specifically moved to suppress the former, but not the latter* (except for as the fruits of an illegal search). *The defense did not move to suppress the latter* for the reasons mentioned in its Motion for Leave to File Motion to Suppress Electronic Devices, Docket 56[.]" Doc. 59 at 1. Neither the court nor the Government should have to guess what evidence Defendant is seeking to suppress

or which warrants form the basis for his Proposed Motion to Suppress. In any event, any prior or continuing confusion caused by Defendant's lack of clarity, inconsistencies, and shifting positions does not justify allowing him to file a reply in support of his prior Motion for Leave. This is particularly so when, as here, Defendant seeks to materially recast arguments previously urged and assert entirely new arguments—including new arguments regarding unrelated discovery issues and Article 18.07(c)—to which the Government will not have an opportunity to respond unless the court further delays the resolution of both of Defendant's Motions for Leave (Docs. 53, 59) and Proposed Motion to Suppress to allow more briefing on matters that could have been, with the exercise of reasonable diligence, anticipated and previously briefed by Defendant.

"Generally, and for obvious reasons, a reply brief is limited to addressing matters presented by [the movant's] opening brief and by [the respondent's] response brief, and [it] is not the appropriate vehicle for presenting new arguments or legal theories to the court." *AAR, Inc. v. Nunez*, 408 F. App'x 828, 830 (5th Cir. 2011) (citing *United States v. Feinberg*, 89 F.3d 333, 340-41 (7th Cir. 1996)); *see also United States v. Thompson*, 984 F.3d 431, 435 (5th Cir. 2021) (citing *Conway v. United States*, 647 F.3d 228, 237 n.8 (5th Cir. 2011) (declining to consider new arguments raised for the first time in a reply brief) (citation omitted)). Moreover, this district's Local Rules for criminal proceedings expressly state that a "[r]eply brief may not be filed unless the moving party requests, and the presiding judge grants, leave to do so." L.R. 47.1(f). As the filing of reply briefs is not permitted as a matter of course and only with leave of court, Defendant should have included any matters he wanted the court to consider in ruling on his prior Motion for Leave in that motion and/or his Proposed Motion to Suppress.

Defendant's asserted "clarification"—that "it is the defense's position that the seizure of the information contained within the devices should have at least begun within the three days required by the warrant[.] [W]hether the seizure took longer than three days to complete or whether analysis and review occurred after is not at the crux of the defense's argument"—is also a new argument, as it clearly differs from the position he took in his earlier Proposed Motion to Suppress. Defendant's Proposed Motion to Suppress focuses on the amount or length of time (54 days) that it took the Government to execute the November 30, 2022 warrant beyond the three days referenced in that warrant, but it does not reference or even allude to the now alleged significance of when law enforcement began and should have begun its search and forensic analysis of the contents of the data on the electronic devices. *See* Doc. 53-1 at 1-2. In addition, as noted, contrary to Defendant's new assertion, he never previously argued that the evidence or information obtained as a result of the November 30, 2022 warrant should be suppressed as "fruits of an illegal search." Doc. 59 at 1. Because these new arguments were not included in either Defendant's prior Motion for Leave or his Proposed Motion to Suppress, the court, in addition to granting the defense's requested leave to file a reply brief to the prior Motion for Leave, would also have to allow Defendant to file an amended Motion to Suppress the electronic data recovered from the cellular telephones and DVR even though he has not yet sought leave for this purpose. The court declines to do so, as there is no reason Defendant could not have presented these arguments in his prior Motion for Leave or his Proposed Motion to Suppress.

With respect to discovery matters, Defendant continues to maintain that he was unable to, and he "did not move to suppress the latter [warrant] for the reasons mentioned in [his] Motion for Leave to File Motion to Suppress Electronic Devices, Docket 56"[6] because he "did not have

---

[6] Defendant presumably meant to refer to Docket No. 53, as Docket No. 56 is the January 7, 2025 Order setting the pretrial conference in this case.

the return until *after* pre-trial motions were due." Doc. 59 at 1. This, however, does not explain the lengthy delay in filing his prior Motion for Leave and Proposed Motion to Suppress, and, for the reasons explained, the court agrees with the Government that the warrant return was not necessary for Defendant to move for suppression of the data recovered from the five electronic devices before expiration of the July 5, 2024 pretrial motion deadline. Defendant also argues for the first time that the lengthy delay was attributable "to the voluminous and duplicative discovery practice of the government." *Id.* This argument is not only new, but it also differs from or expands upon the previously proffered explanation that "[o]nly upon re-review of the case recently, did defense counsel realize the issue of warrant execution for the electronic devices." Doc. 53 at 1. Even assuming that the manner in which discovery was produced in this case affected defense's counsel ability to "realize" until recently the perceived suppression issue based on the timing of the warrant execution for the electronic devices, this does not explain why no mention was made of this in Defendant's prior Motion for Leave.

Defendant also previously requested and was granted numerous continuances of the trial and deadline for filing pretrial motions between April 2023 and May 2024.[7] Moreover, the other discovery issues and productions by the Government that Defendant references in his current Motion for leave do not appear to have any relevance to this new suppression argument, and the court overruled Defendant's objections to the magistrate judge's denial of his Motion to Compel Discovery. *See* Doc. 54. Accordingly, this new discovery argument does not support his request for leave to file a reply in support of his prior Motion for Leave.

---

[7] Eight continuances for this purpose were sought and granted. Seven of the motions to continue or extensions of time were sought by Defendant, and one continuance was sought by both parties. *See* Docs. 19-28, 30, 32-36.

**Memorandum Opinion and Order – Page 23**

Finally, Defendant contends that he should be allowed to file a reply brief to address the applicability and constitutionality of Article 18.07(c) since the Government relies on Article 18.07(c) in responding to his prior Motion for Leave. Once again, however, the arguments that Defendant seeks to raise in a reply brief are new. Although such arguments attempt to rebut the Government's position that law enforcement's execution of the November 30, 2022 warrant satisfied Article 18.07(c), the applicability or non-applicability of Texas law, and in particular Article 18.07(c), goes to the heart of Defendant's new proposed suppression argument and, therefore, should have been addressed in his prior Motion for Leave *and* Proposed Motion to Suppress rather than for the first time in his Motion for Leave to file a reply to his prior Motion for Leave. As all the warrants in this case, or at least those that are the subject of pretrial motions, were issued by state court judges pursuant to the Texas Rules of Criminal Procedure, Defendant could have and should have previously anticipated and addressed any arguments he had regarding Article 18.07(c). As already indicated, allowing the defense to file a reply to Defendant's earlier Motion for Leave will not cure the failure to raise Defendant's new Article 18.07(c) arguments in his Proposed Motion to Suppress.

Defendant's arguments regarding the constitutionality of Article 18.07(c) and effort to distinguish *Harmel v. State* relied on by the Government are also without merit. Based on the "special warrant-effectiveness period for warrants to search" electronic devices pursuant to Article 18.07(c), the Court of Appeals in *Harmel v. State* rejected a similar timeliness argument by the defendant in that case. *Harmel*, 597 S.W.3d at 963-64. Specifically, *Harmel* argued that the search of a cellular telephone pursuant to a warrant that issued in 2018 "was untimely because 'it was not executed within three days.'" *Id.* The court in *Harmel* disagreed and concluded that the search conducted pursuant to the warrant was timely under Article 18.07(c),

because, although the warrant to search the contents of the telephone did not issue until eight years after the seizure of the telephone itself, "the warrant is considered to have been executed within the time [3 days] allowed under Subsection (a) if the device was seized before the expiration of the time allowed." *Id.* at 964 (quoting Tex. Code of Crim. P. art. 18.07(c) and noting that, since September 1, 2011, Article 18.07(c) "has provided for a special warrant-effectiveness period for warrants to search cellphones")). Because the seizure of the telephone itself took place in 2009, before expiration of the three days allowed under Subsection (a) for executing a warrant pursuant to Article 18.07(c), the *Harmel* court determined that the warrant to search the contents of the telephone was executed timely. *Id.*

Defendant attempts to distinguish *Harmel* by arguing:

[I]n the *Harmel* case, the detective received the device *and apparently began the search of the device data the day the warrant was issued.*

Specifically, in *Harmel*¸ the court found that the warrant to search the electronic devices was timely executed on facts that differ from this case. In *Harmel*, the Court noted "the warrant at issue was signed by a magistrate on January 12, 2018. Detective Acevedo testified that he received both the signed warrant and the phone to be searched also on January 12, 2018. But the phone itself was originally seized in 2009. Under Article 18.07(c), then, the search pursuant to this warrant was not untimely." *Harmel v. State*, 597 S.W.3d 943, 964 (Tex. App.[—Austin] 2020[, no pet.]). *The pivotal fact that the detective apparently executed the search warrant the day it was issued is absent in this case.*

Doc. 59 at 2-3 (emphasis added).

Defendant's assumption that the detective "*apparently began the search of the device data the day the warrant was issued*" is not supported by the facts in *Harmel*. Defendant apparently assumes that the search was conducted on the same date that the detective received the telephone, but this assumption would require a leap of logic that is not supported by the *Harmel* opinion. The court also disagrees that such an assumption is "pivotal" because the plain

language of Article 18.07(c) includes no requirement that the search of the contents of an electronic device begin or take place at any particular time if the device was seized within the time provided by Subsection (a).

Instead, Article 18.07(c) provides: "If a warrant is issued to search for and seize data or information contained in or on a . . . cellular telephone . . . , the warrant is considered to have been executed within the time allowed under Subsection (a) if the device was seized before the expiration of the time allowed." Article 18.07(c) further provides: "Notwithstanding any other law, *any data or information contained in or on a device seized may be recovered and analyzed after the expiration of the time allowed under Subsection (a).*" Accordingly, Defendant's attempt to distinguish *Harmel*—either for the purpose of arguing that Article 18.07(c) does not apply to this case or, even if it does apply, law enforcement in this case did not comply Article 18.07(c)—is without merit.[8]

Finally, Defendant argues for the first time that Article 18.07(c) is unconstitutional. His inadequately briefed constitutionality argument, which was simply thrown in at the end of his current Motion for Leave, fares no better than his other Article 18.07(c) arguments. Instead, this argument amounts to nothing more than a last-ditch, "Hail Mary" attempt to salvage his warrant execution ground for suppression by arguing that Article 18.07(c) is unconstitutional *even if it does apply*.

As indicated, Defendant's argument that Article 18.07(c) is unconstitutional turns on his contention that "the phrase 'seized' in Article 18.07 must necessarily refer to a seizure for purposes of data extraction, and not merely the physical seizure of an actual device" because

---

[8] Even taking into account the new arguments in Defendant's current Motion for Leave, it is still not clear to the court whether Defendant acknowledges that Texas law and Article 18.07(c), as opposed to federal law, governs the execution of the November 30, 2022 warrant.

**Memorandum Opinion and Order – Page 26**

"[o]therwise, if the [c]ourt agrees with the government that Article 18.07 allows for the seizure of the data to take place at any time after the physical seizure of an electronic device, then Article 18.07 is unconstitutional in that it would permit a limitless power to seize data in perpetuity." Doc. 59 at 3.   Defendant further asserts that the Government's proffered interpretation of Article 18.07 would run counter to the Fourth Amendment's purpose of governing governmental action and limiting invasions of privacy, and it would allow the Government "to perform searches based on stale facts."  *Id.* at 3.

Defendant does not specify whether he challenges the constitutionality of Article 18.07(c) on its face or "as applied" to him.  The constitutional challenge, nevertheless, appears to be facial in nature, as it turns entirely on application of Article 18.07(c) to a hypothetical situation (not as applied to him or the facts of this case) in which law enforcement's ability to recover and analyze data contained on an electronic device is unlimited in time as long as the device itself is seized before expiration of the three-day limit in Article 18.07(a) for executing search warrants. A facial challenge "is the 'most difficult challenge to mount successfully,' because it requires a defendant to 'establish that no set of circumstances exists under which [the legislation] would be valid.'" *United States v. Rahimi*, 602 U.S. 680, 693 (2024) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)). Rule 12 states that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b).

As a preliminary matter, Defendant's interpretation is inconsistent with the plain language in Article 18.07(c) for the reasons already explained. Contrary to Defendant's assertion, Article 18.07(c) expressly distinguishes between the seizure of electronic devices and the subsequent analysis of any data or information on the devices. It also expressly exempts the

recovery and analysis of data or information contained on seized electronic devices from the three-day deadline in Article 18.07(a)(3) for executing warrants *so long as* "*the device [sought to be searched] was seized* before the expiration of the time allowed . . . under Subsection (a)." Tex. Code of Crim. P. art. 18.07(c) (emphasis added). Defendant's proposed interpretation would seriously curtail the scope of Article 18.07(c) by limiting the searches and analysis of data on electronic devices (or the time to commence such searches and analysis) to the three-day limit in Article 18.07(a), which in turn would undermine and eviscerate the Texas Legislature's purpose of enacting "a special warrant-effectiveness period for warrants to search cell[ular telephones]" and other electronic devices. *Harmel*, 597 S.W.3d at 964 (citing Act of May 25, 2011, 82d Leg., R.S., ch. 772, §§ 1-3, 2011 Tex. Gen. Laws 1803, 1803-04).

In any event, Defendant's facial challenge to the constitutionality of Article 18.07(c) fails because he has not shown that "***no set of circumstances exists*** under which [Article 18.07(c)] would be valid.'" *Rahimi*, 602 U.S. at 693 (citation omitted and emphasis added). In other words, even assuming that Mr. Stevenson is correct—that Article 18.07(c) would violate the Fourth Amendment to the United States Constitution in his perpetuity hypothetical, that is, circumstances in which law enforcement delays for many years after issuance of a warrant under Article 18.07(c) to search and analyze or commence the search and analysis of the data or information contained on the electronic devices that are the subject of the warrant—he has not shown that Article 18.07(c) would still be unconstitutional, for example, if law enforcement conducted its search and analysis of electronic devices on the same date the search warrant issued pursuant to Article 18.07(c).

Defendant's argument that Article 18.07(c) violates the Fourth Amendment's purpose of limiting invasions of privacy is likewise without merit and borderline nonsensical, as it is unclear

how the timing of law enforcement's searching the contents of a cellular telephone or other electronic devices previously seized invokes privacy interests. Moreover, Article 18.07(c) does not do away with the requirement that law enforcement must obtain a valid warrant to search the contents of a cellular telephone or other electronic devices that contain potentially sensitive, private information. Additionally, because such evidence, once seized pursuant to a valid search warrant or otherwise based on the existence of probable cause, is normally secured by law enforcement for chain-of-evidence purposes, as was the case here[9] and in *Harmel*, the concern identified by Defendant involving the "perform[ance] of searches based on stale facts"[10] is not an issue when a search of the contents of a device is subsequently performed pursuant to Article 18.07(c), and Defendant cites no legal authority indicating the contrary. Thus, while this is a potentially valid concern in the issuance of search warrants for the initial seizure of evidence, it does not support Defendant's constitutional challenge to the validity of a search of the contents of electronic devices done pursuant to Article 18.07(c). Moreover, as Defendant's constitutional challenge and arguments are purely legal in nature, they could have been raised by the July 5, 2024 pretrial motion deadline rather than the first time in his current Motion for Leave to file a reply in support of his prior Motion for Leave to file a second motion to suppress the information contained on the electronic devices seized on November 16, 2022.

## III. Conclusion

For all of the reasons discussed, Defendant's Motions for Leave (Doc. 53, 59) are **denied**. The court also notes that no hearings were requested with respect to these Motions for Leave,

---

[9] The Government contends that the devices were in the custody of the Dallas Police Department. Defendant does not assert any chain-of-custody argument with respect to the electronic devices seized on November 16, 2022, that were later searched pursuant to the warrant that issued on November 30, 2022.

[10] Doc. 59 at 3.

**Memorandum Opinion and Order – Page 29**

and the undersigned determined after reviewing the parties' arguments that a hearing was not required to resolve the motions.[11] Accordingly, the Motions for Leave were ruled on based on the parties' written submissions without a hearing.

      **It is so ordered** this 21st day of January, 2025.

 

 

                                            Sam A. Lindsay

                                            United States District Judge

---

[11] "[A]n evidentiary hearing is required on a motion to suppress only when necessary to receive evidence on an issue of fact." *United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir.1983) (citation omitted). Evidentiary hearings on motions to suppress are "designed for the presentation of evidence in support of factual allegations which, if proven, would justify the relief sought." *Id.* at 738. "Evidentiary hearings are not granted as a matter of course, but are held only when the defendant alleges sufficient facts which, if proven, would justify relief." *Id.* (citations omitted). Factual allegations must be "sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." *Id.* (citations and quotations omitted). "General or conclusory assertions, founded upon mere suspicion or conjecture, will not suffice." *Id.* (citations omitted). Here, the court determined that Defendant's Motions for Leave to file his Proposed Motion to Suppress and a reply brief in support of his prior Motion for Leave should be denied without a hearing. Even to the extent that the court considered Defendant's Proposed Motion to Suppress for the purpose of arriving at an alternative ground for denying one or both of his Motions for Leave—futility of the Proposed Motion to Suppress—this does not change the court's determination that no hearing was requested or required to resolve the Motions for Leave. Although Defendant's Proposed Motion to Suppress includes a request for an "evidentiary hearing" in the event that the Government "asserts that the warrant was executed on a different date" (Doc. 53-1 at 3), the legal basis for this motion is flawed for the reasons explained such that a ruling on the motion, even if Defendant had been granted leave to file the motion, would not turn on the resolution of any factual disputes. Thus, no hearing was required on the Motions for Leave or the underlying Proposed Motion to Suppress.

**Memorandum Opinion and Order – Page 30**